IN THE MATTER OF THE PROBATE OF THE ALLEGED WILL OF CHARLES W. MAXSON, DECEASED.

MARY BOSLEY, JULIA ROBINSON AND RACHEL JABINE, PETITIONERS-APPELLANTS, v. LYDIA M. NEWBURY, DEFENDANT-RESPONDENT, v. FRANK TOWLER MAX-SON, PLAINTIFF-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued February 7, 1966—Decided March 4, 1966.

Before Judges CONFORD, KILKENNY and LEONARD.

Mr. *Allen Cornblatt* argued the cause for petitioners-appellants (*Messrs. Mirne & Nowels,* attorneys).

Mr. *Stanley J. Blair* argued the cause for defendant-respondent (*Messrs. Blair & Blair,* attorneys).

Mr. *F. William Sutton* argued the cause for plaintiff-respondent (*Messrs. Sutton, Ward, Sutton & Heim,* attorneys).

PER CURIAM. Plaintiff Maxson brought an action under R. R. 5:3–4 in the Ocean County Court attacking the admission of decedent's will to probate by the surrogate, claiming it was executed through undue influence. Petitioners, who stand to gain if the will is set aside, were given notice of the proceeding but did not attempt to intervene formally until plaintiff notified them he was about to settle his claim and to withdraw his complaint. Petitioners' consequent application to intervene was denied because made later than six months after the judgment of the surrogate's court. The court relied upon R. R. 5:3–4(a) which fixes that period for an application in the County Court by a nonresident seeking to challenge a judgment of the surrogate's court. The court also held that the delay in the application caused it to be not timely, within the requirement of the general rule on intervention. R. R. 4:37–1.

We think the trial court erred. The parties apparently failed to call the court's attention to the last sentence of R. R. 5:3–5(b) which provides that "in a proceeding under Rule 5:3–4(a), persons in interest may on their own motion intervene."

■ It is not denied that plaintiff's proceeding was brought under R. R. 5:3–4(a). Nor can it be disputed that petitioners were "persons in interest." As beneficiaries under a prior will of the testator they would be "injured" by the probate of his later will which did not name them as such. *In re Myers' Will*, 20 N. J. 228, 235 (1955). They would be entitled to an opportunity to be heard on the proceeding then pending before the court. *Ibid.*

■■ In our view, petitioners' right to intervene herein is governed solely by the above-quoted portion of R. R. 5:3–5(b) and not by the general rule of intervention, R. R. 4:37–1. The controlling rule merely requires that there be pending a proceeding under R. R. 5:3–4(b). The instant proceeding was in that status, not having been dismissed prior to petitioners' motion.

■■ Since no time limit is prescribed in *R. R.* 5:3–5(b), the application to intervene must be made within a reasonable time. In the instant case, when petitioners so moved, the issue then pending between plaintiff and defendant executor had not been tried. The record does not disclose that it had even been pretried. It had progressed only to the point of the taking of depositions of several prospective witnesses, including two of the petitioners herein. We therefore conclude that petitioners' motions to intervene were made within a reasonable time and should have been granted. Previous to that time there had been no need for petitioners to file a formal intervention. Having been noticed of the proceedings, their interest was such as to be automatically protected by a decision on the merits by the court in favor of plaintiff. It became essential for them to intervene for the first time when plaintiff threatened to withdraw. No good reason in procedural policy appears for a contrary holding.

*In re Hynes' Will,* 69 *N. J. Eq.* 485 (*Prerog.* 1905), and *In re Schuberts' Estate,* 7 *N. J. Super.* 48 (*App. Div.* 1950), were both decided before the promulgation of *R. R.* 5:3–5(b) in its present form and thus are presently inapplicable. In the latter case, moreover, no one had ever filed a timely proceeding to review the judgment for probate.

Reversed.